IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH PELLE,<br><br>    Plaintiff,<br><br>        v.<br><br>DIAL INDUSTRIAL SALES, et al.,<br><br>    Defendants. | Civil No. 18-12824 (RMB/JS)<br><br>**OPINION** |

APPEARANCES:

KANE & SILVERMAN
By: Joseph Monaco, Esq.
One Eves Drive, Suite 111
Marlton, New Jersey 08053
      Counsel for Plaintiff

HILL WALLACK LLP
By: Suzanne M. Marasco, Esq.
    Christina L. Saveriano, Esq.
21 Roszel Road
Princeton, New Jersey 08543
      Counsel for Defendant Regal Ideas, Inc.

**BUMB**, UNITED STATES DISTRICT JUDGE:

    Plaintiff Joseph Pelle brings this diversity products liability suit asserting that he suffered severe injuries when he fell from an allegedly defective ladder. He has named 15 companies as Defendants. One of those Defendants, Regal Ideas, Inc., removed this suit from New Jersey Superior Court, Atlantic County. Plaintiff presently moves to remand this suit asserting

1

a defect in removal procedure-- namely, violation of the rule of unanimity, 28 U.S.C. § 1446(b)(2)(A), which requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."[1]  For the reasons set forth herein, the Motion to Remand will be granted.

I.

Plaintiff filed the Complaint in New Jersey Superior Court on June 8, 2018.  Defendants "The Hartford" and Hartford Casualty Insurance Company (collectively, "The Hartford Defendants") were served with process on June 14, 2018.  Defendant Regal Ideas was served with process on July 17, 2018.[2]  Regal Ideas filed the Notice of Removal on August 15, 2018.  The Notice of Removal is silent as to whether any defendant other than Regal Ideas consented to removal.

---

[1]  This Court has diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff is alleged to be a citizen of New Jersey, and none of the Defendants are alleged to be citizens of New Jersey.  The Court previously ordered Regal Ideas to show cause why this case should not be remanded for failure to establish the statutory minimum amount in controversy.  Regal Ideas' response to that Order to Show Cause satisfied the Court that the amount in controversy does indeed exceed the statutory amount.

[2]  The parties dispute whether several of the other Defendants were properly served with process.  None of those other Defendants have entered an appearance in this case.  The Court need not resolve whether the other Defendants were properly served in order to decide the instant motion.

Plaintiff filed his first Motion to Remand on August 31, 2018. In accordance with this Court's Individual Rules and Procedures, the Motion was administratively terminated pending a teleconference with counsel for the appearing parties[3] concerning the issues raised in the Motion. During the conference, which was held on September 26, 2018, counsel for the Hartford Defendants orally represented to the Court that the Hartford Defendants consented to the removal of this case.

Plaintiff re-filed his Motion to Remand on September 28, 2018. Only Regal Ideas has filed opposition to that Motion. On October 15, 2018 the Hartford Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the Complaint fails to state a claim against them.[4]

**II.**

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C.A. § 1447(c).

"Removal is a statutory right, and the procedures to effect removal must be followed." Lewis v. Rego Co., 757 F.2d 66, 68

---

[3] Those parties were Plaintiff, Defendant Regal Ideas, and the Hartford Defendants.

[4] In light of the disposition of Plaintiff's Motion to Remand, the Court will administratively terminate the Hartford Defendants' Motion to Dismiss.

3

(3d Cir. 1985). The removing defendant (or defendants) bears the burden of showing that the case is properly before the federal court. Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

**III.**

Section 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).[5] The consent must be in writing, and may be included either in the Notice of Removal or a separate filing with the Court. Baldy v. First Niagara Pavilion, C.C.R.L., L.L.C., 149 F. Supp. 3d 551, 557 (W.D. Pa. 2015).[6] It is undisputed that the Hartford Defendants

---

[5] The Federal Courts Jurisdiction and Venue Clarification Act of 2011, 125 Stat. 758, codified the rule of unanimity, which had existed in caselaw prior to the Act. See Balazik v. Cty. of Dauphin, 44 F.3d 209 (3d Cir. 1995).

[6] See also, In re the Estate of Hirokazu Sano, 2011 WL 65927 at *2 (D.N.J. Jan. 10, 2011) ("in order to satisfy the rule of unanimity, Chung had to either file her own notice of removal, or consent to removal in writing by May 27, 2010.") (citing Collins v. Baxter Healthcare Corp., 949 F. Supp. 1143, 1146 (D.N.J. 1996)); Brown v. Jersey City Parking Auth., 2008 WL 4117454 at *2 (D.N.J. Aug. 29, 2008) ("The rule of unanimity, while not requiring every defendant to sign the actual notice of removal, generally requires every defendant served in the action to provide 'some form of unambiguous written evidence of consent to the court in timely fashion.'" (quoting Michaels v. New Jersey, 955 F. Supp. 315, 321 (D.N.J. 1996)); see generally, Wright & Miller, et al., 14C Federal Practice and Procedure, § 3730 (Rev. 4th ed.) ("courts require written consent by all of the defendants, either in the notice of removal or in other papers filed with the district court.")(collecting authorities).

4

have not, at any time, consented *in writing* to removal.[7]  Thus, the rule of unanimity has been violated, and this case must be remanded, unless an exception applies.  The Third Circuit recognizes three exceptions to the rule of unanimity.  A defendant is not required to consent to removal if that defendant is: (1) "an unknown or nominal party"; (2) "fraudulently joined"; or (3) an unserved, "non-resident defendant."  Balazik v. Cty. of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995).  It is undisputed that the Hartford Defendants have been served.  Thus, exception three may be eliminated as an option that would save this case from remand.

Regal Ideas argues that the Hartford Defendants were fraudulently joined and therefore their consent to removal is not required (exception two).  First, the Court notes that the Hartford Defendants themselves, who have moved to dismiss the

---

[7] Additionally, the Hartford Defendants gave their oral consent during a conference call with the Court which occurred after the thirty-day period for filing consent.  Therefore, even if the oral, unwritten consent was legally effectual-- which the Court rules it was not-- it was also independently untimely. Compare Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 511, 518 (D.N.J. 2012) ("Where a defendant who has been properly served fails to join in, or consent to, removal within the prescribed thirty-day time period under Section 1446(b), not only is the Notice of Removal defective on its face, but so too is a subsequent notice of consent also filed outside the prescribed thirty-day time period.  The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court.").

5

claims against them, do not assert that they were fraudulently joined. Second, Regal Ideas' argument misconstrues the concept of fraudulent joinder. Fraudulent joinder is the joining of a defendant with "no real connection with the controversy" for the purpose of defeating diversity of citizenship. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); see also, Hogan v. Raymond Corp., 536 F. App'x 207, 210 (3d Cir. 2013) ("The fraudulent joinder doctrine permits courts to ignore the citizenship of a non-diverse defendant for diversity purposes if the plaintiff's joinder of that defendant is 'fraudulent.'"). The Hartford Defendants are diverse from Plaintiff[8], thus it cannot be that they were joined by the Plaintiff in an effort to defeat diversity of citizenship; their inclusion as defendants has no effect on the diversity that exists between Plaintiff and the 15 named Defendants. Rather, Regal Ideas, citing the Hartford Defendants' Motion to Dismiss, argues that "the claims against the Hartford defendants . . . are fraudulent because they fail to state a claim . . . and are subject to dismissal." (Opposition Brief, p. 5) Failure to state a claim, however, is not tantamount to fraudulent joinder. The Third Circuit has explained,

---

[8] Plaintiff is alleged to be a citizen of New Jersey. The Hartford Defendants are alleged to be citizens of Connecticut. (Notice of Removal ¶¶ 1, 13-14)

6

> [j]oinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant. The plaintiff's mere failure to state a claim does not satisfy this standard, and the plaintiff's claim must instead be so wholly insubstantial and frivolous as to fail to invoke the subject matter jurisdiction of the District Court.

Hogan, 536 F. App'x at 210. Regal Ideas does not argue that the claims asserted against the Hartford Defendants are wholly insubstantial and frivolous, and the Court does not find them to be so.[9] Accordingly, the fraudulent joinder exception to the unanimous consent rule does not apply.

Lastly, while "the Hartford" might possibly qualify as a nominal party (exception one)[10]-- the Hartford Defendants assert in their Motion to Dismiss that "the Hartford" is merely a trade name and not a legal entity-- it is undisputed that Hartford Casualty Insurance Company is not a nominal party. Thus, assuming *arguendo* that "the Hartford's" consent was not required, Hartford Casualty Insurance Company's consent was

---

[9] In opposition to the Hartford Defendants' Motion to Dismiss, Plaintiff, citing New Jersey Supreme Court precedent, argues that "[u]nder New Jersey law, the injured party in a negligence claim has standing to file a declaratory judgment action against a tortfeasor's insurance company to establish coverage under the policy." (Dkt Entry #28, p. 4) The Court need not, and does not, rule on the merits of this argument. However, the Court does hold that Plaintiff's argument in this regard is not frivolous.

[10] The Court does not rule on whether the Hartford is indeed a nominal party within the meaning of the nominal party exception to the unanimity rule.

7

nonetheless required.  Accordingly, the absence of Hartford Casualty Insurance Company's written consent to removal within the thirty day period for consent is a defect in removal procedure which requires remand of this case.

### IV.

For the above-stated reasons, the Court holds that removing Defendant Regal Ideas failed to comply with the removal procedure set forth in 28 U.S.C. § 1446(b)(2)(A).  Accordingly, Plaintiff's Motion to Remand will be granted.[11]  An appropriate Order accompanies this Opinion.


Dated:  April 8, 2019                      __s/ Renée Marie Bumb____
                                           Renée Marie Bumb, U.S.D.J.

---

[11] Regal Ideas also argues that "Plaintiff's Motion must be denied because it fails to comply with the Local Rules for filing motions due to Plaintiff's failure to file a notice of motion and conforming brief." (Opposition Brief p. 1)  The Court declines to impose such a drastic remedy for a technical violation of the Local Rule.  Regal Ideas does not assert, nor does the Court find, that Regal Ideas was prejudiced in any way by Plaintiff's noncompliance with the rule, although the Court does expect compliance from this point forward in subsequent litigation before this Court.